IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADE A. HAMZA; and MORENIKE HAMZA,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>U.S. BANK NATIONAL ASSOCIATION; TERRY J. MOLLICA; NANCY L. DOUGLAS; EUGENE J. CHIARELLI; CHIARELLI & MOLLICA, LLP; HOMEWARD RESIDENTIAL, INC.; DAVID MARQUEZ; A.H.M.S., INC.; MATTHEW A. ENGEL; PREMIER TRUST DEED SERVICES, INC.; SAND CANYON CORPORATION, formerly known as OPTION ONE MORTGAGE CORPORATION; TANYA HOPKINS; DAVID M. APPELGATE; HOMEOWNERS FIRST, LLC; JOHN G. STUMPF; WELLS FARGO BANK, N.A.; JOSEPH C. GALLAGHER; STEVEN G. ROGERS; and LARRY MATNEY,<br><br>　　　　Defendants.<br>_____/ | No. C 12-1391 CW<br><br>ORDER GRANTING PLAINTIFFS ADDITIONAL TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS, VACATING HEARING AND ADDRESSING PROOF OF SERVICE |

　　　On February 22, 2012, Plaintiffs Morenike and Ade A. Hamza initiated this action in the Alameda County Superior Court.

　　　On March 20, 2012, Defendant Chiarelli & Mollica LLP, joined by Defendants Terry J. Mollica, Eugene J. Chiarelli and Nancy L. Douglas, removed the case to federal court.

　　　On May 31, 2012, Defendants Sand Canyon Corporation, formerly known as Option One Mortgage Corporation, Dale Sugimoto, and Matthew Engel filed a motion to dismiss the complaint.

　　　On June 20, 2012, the Court granted Plaintiffs one additional week in which to file their response to Sand Canyon, Sugimoto and Engel's motion to dismiss. At that time, the Court warned Plaintiffs that failure to file a response would result in the

dismissal of their claims against those Defendants for failure to prosecute.

On July 2, 2012, having received no opposition to the motion to dismiss, the Court dismissed Plaintiffs' claims against Sand Canyon, Sugimoto and Engel.

Currently before the Court is a second motion to dismiss filed by Defendants Terry Mollica, Eugene Chiarelli, Nancy L. Douglas and Chiarelli and Mollica LLP, which was filed on June 20, 2012.  Civil Local Rule 7-3(a) provides that any opposition to a motion must be filed within fourteen days after the motion was filed if the motion was filed and served through the Court's Electronic Case Filing (ECF) system, or within seventeen days after the motion was filed if the motion was served through other means, including by mailing it to the person's last known address. Because the second motion to dismiss was filed by mailing, Plaintiffs' opposition was due by July 7, 2012.  However, because July 7, 2012 was a Saturday, the time for Plaintiffs to file their opposition was extended to Monday, July 9, 2012, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C).

Plaintiffs have not yet filed a response to the second motion to dismiss.  The Court grants Plaintiffs until one week from the date of this Order to do so.  Plaintiffs' failure to file a response in compliance with this Order will result in the dismissal of their claims against Mollica, Chiarelli, Douglas and Chiarelli and Mollica LLP for failure to prosecute.  The Court will decide the motion to dismiss on the papers.  The hearing currently set for August 2, 2012 is vacated.

2

Further, the Court warns Plaintiffs that, in the future, they must adhere to the time limits explained above and otherwise set forth in the Federal Rules of Civil Procedure and Civil Local Rules, and that the Court will not extend the filing deadline for an opposition again, absent a showing of good cause for failure to meet the relevant deadline.

On June 20, 2012, the Court noted that it did not appear from the docket that Plaintiffs have served Defendants U.S. Bank National Association, Homeward Residential, Inc., David Marquez, A.H.M.S. Inc., Premier Trust Deed Services, Inc., Tanya Hopkins, David Appelgate, Homeowners First, LLC, John G. Stumpf, Wells Fargo Bank, N.A., Joseph C. Gallagher, Steven G. Rogers and Larry Matney.  At that time, the Court cautioned that Plaintiffs must serve the remaining Defendants by July 18, 2012 and ordered Plaintiffs to file proof of timely service by July 20, 2012.  The Court notes that Plaintiffs have not yet filed proof of service upon these Defendants, and reminds Plaintiffs that they must file proof of timely service upon these Defendants by July 20, 2012 and that failure to do so will result in the dismissal of their claims against these Defendants for failure to prosecute.

IT IS SO ORDERED.

Dated: 7/12/2012

CLAUDIA WILKEN
United States District Judge

3